## STEINMAN v. UNITED STATES (No. 992).[1]

PROVISO TO PARAGRAPH 415, TARIFF ACT OF 1909.

The paper of the importation has an embossed surface design and is intended for use as covers for books and pamphlets. The proviso to paragraph 415, tariff act of 1909, relating to embossed paper is limited to such embossed paper as appears in the form of designs and shapes like those there specified. The proviso does not apply to this importation.

## United States Court of Customs Appeals, May 23, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29184 (T. D. 32681).

[Affirmed.]

*Brown & Gerry* for appellants.

*William L. Wemple*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of paper intended for use as covers for books and pamphlets. The article has an embossed surface design, and was returned for duty as paper with a surface design under paragraph 411 of the tariff act of 1909. Duty was accordingly assessed upon the importation at the rate of 4½ cents per pound under that paragraph.

The importers protested against the assessment, claiming that the merchandise was more specifically described as paper, embossed, under the proviso of paragraph 415 of the act.

The protest was submitted to the Board of General Appraisers and was overruled, from which decision the importers now appeal.

The following is a copy of paragraph 415, under the proviso of which the importers claim assessment for the present importations:

415. Jacquard designs on ruled paper, or cut on Jacquard cards, and parts of such designs, cardboard and bristol board, thirty-five per centum ad valorem; press boards or press paper, valued at ten cents per pound or over, thirty-five per centum ad valorem; paper hangings with paper back or composed wholly or in chief value of paper, twenty-five per centum ad valorem; wrapping paper not specially provided for in this section, thirty-five per centum ad valorem; paper not specially provided for in this section, thirty per centum ad valorem: *Provided,* That paper embossed, or cut, die-cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, or cut or shaped for boxes, plain or printed but not lithographed, and not specially provided for in this section, shall be dutiable at thirty-five per centum ad valorem; articles composed wholly or in chief value of paper printed by the photogelatin process and not specially provided for in this act, three cents per pound and twenty-five per centum ad valorem.

---

[1] Reported in T. D. 33477 (24 Treas. Dec., 858).

The importers contend that the foregoing proviso covers four kinds of paper—(1) paper embossed, (2) paper cut into designs or shapes, (3) paper die cut into designs or shapes, and (4) paper stamped into designs or shapes. According to this claim the first classification includes all plain paper, embossed, not specially provided for elsewhere in the act.

However, this interpretation of the proviso does not seem to be justified by its language and its relation to other paragraphs of the act. The proviso governs paper which has been subjected to one or more of four different processes, namely, embossing, cutting, die cutting, and stamping. Concededly the last three processes are limited and applied by the proviso to certain products, namely, designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, or paper cut or shaped for boxes. Under the rule of *ejusdem generis* it becomes probable that Congress intended the associate process, embossing, to be limited within the same sphere as the other three. It is argued, in opposition to this view, that paper can not be embossed "into" designs or shapes of the character described. This may be true, but nevertheless the enumerated processes, or some of them, including the process of embossing, may be performed coincidentally in the preparation of the prescribed products, and such a procedure would respond to the terms of the proviso. It is argued by the importers that the presence of the conjunction "or" between the words "embossed" and "cut" in the proviso implies that the two are not used *ejusdem generis*. This result, however, does not seem to follow from that fact, for the same conjunction separates the phrase "stamped into designs and shapes," from all which precedes it in the proviso. Therefore, if the construction proposed by the importers were carried to its logical effect it would make independent classifications of all papers cut or die cut, as well as papers embossed. By this construction only the word "stamped" would be limited to the products thereafter named in the proviso. On the other hand, if the proviso were intended to cover all embossed paper except such as is otherwise specially provided for in the act, that purpose would doubtless be more clearly and definitely stated. See United States *v.* Fuld *et al.* (4 Ct. Cust. Appls., 234; T. D. 33476), decided by this court concurrently herewith.

The conclusion of the court, therefore, is that the provision for embossed paper appearing in the proviso in question is limited to such embossed paper as is in the form of designs and shapes such as those specified in the proviso, and does not apply to the importations now before the court.

The decision of the board is therefore *affirmed.*